IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORENZO NUNN,<br><br>     Plaintiff,<br><br> vs.<br><br>DILLON AUTO SALES, INC.,<br><br>     Defendant. | **4:14CV3220**<br><br>**ORDER** |

This matter is before the court on Defendant's Motion for Protective Order. (Filing No. 41). For the reasons set forth below, the motion will be denied.

BACKGROUND

Plaintiff Lorenzo Nunn filed his complaint against Dillon Auto Sales ("Dillon Auto") on October 6, 2014, alleging hostile work environment and employment discrimination. (Filing No. 1-1). Nunn specifically alleges Defendant ordered Plaintiff's supervisor, Terry Troutner, to fire African American employees and that the defendant made other discriminatory comments toward African American employees. (Filing No. 1-1 at CM/ECF pp. 2–3).

Dillon Auto has another case pending in this court which is important to understanding the pending motion for protective order: Dillon Auto Sales v. Troutner, 4:14-cv-104-RGK-CRZ. In Troutner, Dillon Auto, as plaintiff, alleges its former general manager, Terry Troutner, defrauded and wrongfully converted funds from the business. On December 19, 2014, the parties in Troutner filed a joint stipulation for a protection order. The proposed protective order included attorney's eyes only provisions. (Filing 28). The protective order was later entered as proposed. (Filing 29).

In the current case, during a deposition of Nunn, defense counsel read statements from Troutner's deposition taken in the other case and asked Nunn whether Troutner's representations

were accurate. Thereafter, counsel for Nunn requested a copy of Troutner's deposition to provide context.

Purportedly based on this request, Defendant argues this court should enter a nearly identical protective order in this case to protect any trade secret information that may be divulged in future depositions. The proposed order would allow either party to designate data, documents, or information as "Confidential for Lawyers Only" and limits the qualified viewers to counsel and their staff, or to any other person who is stipulated by the parties to be a "qualified person." (Filing No. 43-1 at CM/ECF pp. 4–5). The definition of "qualified person" does not include the parties themselves. (Id.).

The defendant argues a protective order will serve to establish a procedure which allows either party to designate a deposition as confidential if trade secrets, confidential business information, or sensitive employee information is divulged. The defendant argues such a protective order is warranted "[d]ue to the sensitive and confidential business information and sensitive and confidential employee information that could be asked in the upcoming depositions." (Filing No. 42-1 at CM/ECF p. 1). Defendant states the protective order would not preclude opposing counsel from asking about sensitive information in the deposition, and would only set forth a procedure for both parties to follow if sensitive confidential information was divulged and it becomes necessary to seal the depositions.

Plaintiff opposes the use of a protective order in this case, arguing that the nature of Plaintiff's claims do not concern sensitive or confidential information. Plaintiff reasons he was a salesman and did not have access to confidential business information nor is the disclosure or such information relevant to his claims. He states he has not sought any confidential information in the course of this lawsuit. Plaintiff also argues that the defendant has failed to provide any legitimate reason for the protective order.

ANALYSIS

This court recently addressed the purpose and standard for an AEO designation in Bussing v. COR Clearing, LLC, no. 8:12cv238, 2015 WL 4077993 (D. Neb. July 6, 2015).

> The court may enter a protective order which permits certain discovery to be seen by only counsel. An "attorneys eyes only" protective order prevents a party from viewing the opposing party's sensitive business information while allowing the parties' lawyers to litigate on the basis of that information. Paycom Payroll, LLC v. Richison, 758 F.3d 1198, 1202–03 (10th Cir.2014) (quoting In re City of New York, 607 F.3d 923, 935 (2d Cir.2010)). But limiting disclosure of discovery to the attorneys is appropriate only in very limited situations. It is a drastic remedy because "it limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions." Ragland v. Blue Cross Blue Shield of N. Dakota, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013). And it "limits the ability of a party to provide needed assistance to counsel," (Ragland, 2013 WL 3776495, at *1), which may result the in the denial of fundamental due process rights. Martinez v. City of Ogden, 2009 WL 424785, at *3 (D.Utah Feb. 18, 2009). An "attorneys eyes only" protective order "should not be authorized simply because one of the parties would prefer that certain information not be disclosed to an opposing party." Ragland, 2013 WL 3776495, at *2.

Bussing v. COR Clearing, LLC, No. 8:12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015).

The party seeking an AEO designation has the burden of proving the information sought is a trade secret, confidential research, development, or commercial information and that its disclosure to the opposing party might be harmful. Id. If the party seeking protection meets its burden, the party opposing the designation must prove the information is necessary and relevant to the action. Id. "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" Id. at *2 (quoting Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 F.R.D. 552, 555 (C.D.Cal.2007)).

Other than stating that it wishes to protect trade secrets and confidential business information, the defendant has submitted no evidence explaining why an attorney's eyes only order is important to this case or how sensitive information may be relevant or divulged in the

course of this litigation and to Defendant's detriment. In contrast, Plaintiff argues it is unlikely that any confidential or trade secret information will be brought to light in this litigation, and therefore there is no reason to enter an attorneys eyes only protective order in this case. [1]

Although the defendant argues a nearly identical protective order was entered in Troutner, the court notes the nature of the cases are very different: Troutner involves claims of fraud against the former general business manager of Dillon's four locations, while this case involves allegations of employment discrimination against a sales-level employee. And in Troutner, protective order was presented to the court on the parties' stipulation. In this case, Plaintiff Nunn opposes Dillon Auto's motion.

Having considered the evidence and arguments of the parties, the court finds Defendant has failed to carry its burden of showing its proposed protective order is needed for this lawsuit.

Accordingly,

IT IS ORDERED that Defendant's motion for a protective order, (filing no. 41), is denied.

Dated this 6th day of April, 2016

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge

---

[1] The court notes that as proposed, the protective order would allow either party to designate a deposition or document as "Confidential Lawyers Only" based upon a good faith determination. But in the event the opposing party disagrees with the designation, it shall carry the burden of proving the protection should not exist. The defendant has not shown that this switching of the burdens is warranted in this case.

4